Aminta Marina Martínez et al., Plaintiffs and Appellants, *v.* Central Coloso, Inc., Defendant and Appellee.

No. 4799. Argued February 4, 1929.—Decided February 12, 1929.

*López de Tord* and *Zayas Pizarro* for the appellants. *García Méndez & García Méndez* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

This motion presents a rather complicated situation. We are asked to correct our record to include a document that the appellee says was duly filed in, if not considered by, the District Court of Aguadilla. In its essence this motion is an application to correct the stenographic notes duly approved by the court. We have before us only the copy of an order signed by the judge on July 23, 1928, that the document in question be added to the record for all due purposes. We have no present certificate that the court had before it

or considered the document in question when it came to weigh the evidence. The stenographer's notes were approved by the judge on the 16th of October, 1928. Therefore, any bit of evidence, as it is conceded that this document is, can not be considered by us until the judge of the district court acts on it. Technically, therefore, the motion for correction can not prevail.

This is, however, the second proposal of the appellee to place us in the same situation as was the court below and we deem it advisable to try to speed its cause. The facts were somewhat as follows. The defendant was attempting to prove the duties of one of its officers by oral evidence. The idea apparently was that the duties of this officer were limited. The former plaintiffs and present appellants then asked that if the duties of the officer were limited the fact should be proved by the production of the by-laws of the corporation defendant and that the plaintiffs would run the risk of such by-laws being adverse. Then, after an assertion by the witness that his duties were so limited, the plaintiffs asked that the defendant be ordered to send a copy of the by-laws to the court. The court so ordered.

Under these facts the defendant had the right to believe that it had the right, if not the duty, to remit a copy of the by-laws to the court at any time before decision. The motion of the appellee is sworn to and therein it appears that some document was filed and he sends us a supposed copy. As we have said, we do not know whether the document was actually considered by the court, but there is a fair probability that it was.

The appellants say in opposition that they duly completed the transcript of the evidence and that they were never notified of the filing of the said document. They insist in their reasoned opposition that they have a right to take the record as it actually exists and are entitled to the presumption that evidence was suppressed that ought to have been presented.

If the document was what the defendant was ordered to present the proposition of the appellants would lead to an artificial or fictitious state of facts. We might be hearing the case on one theory, while the trial court disposed of it on another. Where the indications are that the court considered evidence that is not before us we have possibly two courses to follow. One is to suffer the correction. The other, quite differently from what the appellants maintain, would be to affirm the judgment on the ground that all the evidence had not been certified up to us.

The appellants also say that the document was lost and an attempt by motion was being made in the District Court of Aguadilla to reestablish it. There is some force to this contention, even though not brought to our attention under oath. The appellee should clarify this situation. We feel impelled to go a little further.

If this motion to correct had reached us with a certificate that the court had in fact considered the offered document, we should not attempt to exclude it on the reasons offered by the appellants. The objections go to the admissibility and identification of the document and the error of the court, if any, could be reached by fresh assignments.

For the reasons first given the motion for correction will be overruled without prejudice to the right of the appellee to file a new motion. In any event the appellants will be given an opportunity to object to its admission by the court below once the document finally reaches us.